Entered on Docket
June 10, 2013
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**IT IS SO ORDERED.**
**Signed June 7, 2013**

*[signature: Arthur S. Weissbrodt]*

**Arthur S. Weissbrodt**
**U.S. Bankruptcy**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 12-53103 |
| GEORGE EDWARD SLADKY and ELVIRA TULIO SLADKY, | Chapter 7 |
| Debtor(s). | Adv. Pro. No. 12-05126 |
| GEORGE EDWARD SLADKY, ELVIRA TULIO SLADKY, and CAROL WU, Chapter 7 Trustee, | |
| Plaintiffs, | |
| v. | |
| LPP MORTGAGE LTD., | |
| Defendant. | |

**TENTATIVE DECISION ON DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint. Plaintiffs George Edward Sladky, Elivira Tulio Sladky ("Debtors") and Carol Wu (collectively "Plaintiffs") are represented by attorney Julie Cliff.[1] Defendant LPP Mortgage Ltd. (hereafter, "LPP" or "Defendant") is represented

---

[1] An order was entered in the main case on September 7, 2012, appointing Julie Cliff as Special Counsel for the Trustee.

by attorney Regina McClendon. Defendant seeks to dismiss Plaintiffs' complaint for failure to state a claim.

For the reasons set forth below, Defendant's motion is granted in part, with leave to amend.

Under Fed. R. Civ. P. 12(b)(6) (applicable in bankruptcy via Fed. R. Bankr. P. 7012), a court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). This standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in favor of the nonmoving party. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

2

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. Fecht v. Price Co., 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superseded by statutes on other grounds). Moreover, the Court may consider the full text of those documents, even when the complaint quotes only selected portions. Id. The Court may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Here, the parties have provided the Court with copies of documents recorded with the Santa Clara County Recorder with respect to the property at 340 South Temple Drive, Milpitas, California – and that are the subject of the Amended Complaint. The Court has considered those documents.

The Amended Complaint filed December 7, 2012 contains the following six causes of action:

First, Plaintiffs ask the Court to determine the validity, extent, and priority of Defendant's lien.

Second, Plaintiffs seek a declaratory judgment that Defendant has no lien, and that certain documents, as detailed below, are unenforceable or not valid, and that Defendant had no right to conduct a foreclosure sale so that the Trustee's Deed Upon Sale is invalid.

Third, Plaintiffs seek an injunction enjoining Defendant from proceeding with eviction.

Fourth, Plaintiffs seek to set aside the foreclosure sale.

Fifth, Plaintiffs seek damages for Slander of Title.

Sixth, Plaintiffs seek damages for violation of Unfair Business Practices Act, Cal Bus. & Prof. Code § 17200.

The complaint alleges the following:

On February 7, 2007, Debtors executed a note ("Note") and deed of trust ("Deed of Trust") in favor of Fremont Investment & Loan ("Fremont").

On July 24, 2008, Quality Loan Service Corporation ("Quality Loan") recorded a Notice of Default which alleged that Wilshire Credit Corporation ("Wilshire") was the beneficiary of the mortgage (this Notice of Default was rescinded on February 11, 2010). Plaintiffs allege that there is no publicly available evidence that Wilshire was the beneficiary or that Quality Loan was the legal trustee of the mortgage.

On September 4, 2008 a substitution of trustee was recorded on the property attempting to substitute Quality Loan as Trustee of the mortgage. It was supposedly executed by Wilshire in its capacity as attorney in fact for Citigroup Global Markets Realty Corp but there is no publicly available evidence that Citigroup was the beneficiary at the time the substitution was recorded.

On October 24, 2008 a purported Assignment of Deed of Trust was recorded on the property attempting to assign the mortgage from Mortgage Electronic Registration Systems, Inc., ("MERS") to Defendant, executed by Peter Steinmetz in his alleged capacity as Assistant Secretary of MERS. Steinmetz was never assistant secretary or an officer of MERS; he was an employee of Citigroup.

On July 16, 2009 a purported Loan Modification Agreement was recorded on the property, attempting to identify LNV Corporation as lender, but there is no publicly available evidence that LNV Corp. was the lender at the time the loan modification was recorded.

On October 14, 2009 a purported Corporate Assignment of Mortgage/Deed of Trust was recorded on the property attempting to assign the mortgage from MERS, as nominee for Fremont, to Defendant. The assignment was executed by Terri Harland as Assistant Secretary of MERS, but she was never assistant secretary or an officer of MERS. She was an employee of Wilshire.

On February 11, 2010, Quality Loan recorded a "Rescission of Notice of Default and Election to Sell Under Deed of Trust" on the subject property, which rescinded the Notice of Default recorded on July 24, 2008.

MCG Mortgage sent bills to Debtors as the servicer of the note when it had no interest in the note or mortgage. Debtors paid many of these bills. There is no publicly available evidence MCG Mortgage ever acquired any rights in the note or DOT.

On May 5, 2011 Quality Loan recorded a purported Substitution of Trustee attempting to substitute itself as the trustee of the mortgage. The substitution was signed by Mary Przybyla in her capacity as authorized signer for Defendant. At the time of signing she was an employee of Dovenmuehle Mortgage, Inc.

On May 16, 2011 Quality Loan recorded a notice of default and election to sell under deed of trust against Debtors alleging that LPP was the beneficiary of the Mortgage.

On January 17, 2012, Quality Loan conducted a foreclosure sale and on January 23, 2012, recorded a Trustee's Deed Upon Sale conveying the Property to Defendant.

As of April 12, 2012 there is no recorded or other evidence that Fremont ever sold the note or mortgage to any other entity.

Plaintiffs pray for a declaratory judgment, injunction, damages, costs and attorney's fees.

Debtors filed this bankruptcy case on April 25, 2012, after the recording of the trustee's deed.

Defendant argues that the bankruptcy court is not the proper forum for the action because Plaintiffs' claims consist solely of non-core state law claims. However, on April 24, 2013 in case no. 13-cv-01083, Judge Alsup of the District Court for the Northern District of California entered an order denying Defendant's motion to withdraw the reference, ruling that this Court has jurisdiction over – and authority to enter final judgment regarding – the determination of the validity, extent, or priority of liens, which is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

Defendant also argues that Debtors lack standing because any interest they may have had in the property on the filing date became property of the estate. The chapter 7 trustee is now a plaintiff, and there is no question that the trustee has standing as the representative of the bankruptcy estate. The trustee – who is represented by Ms. Cliff – has taken no position on this motion. Debtors also have standing: they have a pecuniary interest in the outcome of this proceeding, having claimed an exemption of $175,000 in the real property at issue.

Turning to the individual claims,

1. <u>Declaratory and injunctive relief based on determination of validity, priority or extent of lien</u>. Declaratory and injunctive relief are remedies and not independent causes of action. <u>Sami v. Wells Fargo Bank</u>, 2012 WL 967051, at *8-9 (N.D. Cal. Mar. 21, 2012). Therefore, the Court will consider Plaintiff's first, second and third causes of action as one cause of action for a declaration of the validity or extent of Defendant's interest in the Property.

When an actual controversy exists, the court may declare the rights and other legal relations of any interested party seeking such a declaration. 28 U.S.C. § 2201. Plaintiffs allege that there are defects with the Assignments of Deed of Trust recorded on October 24, 2008 and October 14, 2009, the Notice of Default recorded July 24, 2008, the Substitutions of Trustee recorded September 2, 2008 and May 5, 2011, and the Loan Modification recorded on July 16, 2009.

**a) Assignments of Deed of Trust**

Plaintiffs allege that there are three "fatal" defects with the Assignment of Deed of Trust recorded October 24, 2008 from MERS to Defendant ("10/24/08 Assignment"): (1) the 10/24/08 Assignment was executed by Peter Steinmetz, who was an employee of Citigroup and not an Assistant Secretary of MERS so that Mr. Steinmetz lacked authority to sign the Assignment; (2) MERS cannot assign the note or Deed of Trust; and (3) the 10/24/08 Assignment did not convey the note. Plaintiffs allege that the same defects exist with respect to the Corporate Assignment of Deed of Trust recorded October 14, 2009 ("10/14/09 Assignment"). The only difference is that the 10/14/09 Assignment was executed by Terri Harland, whom

Plaintiffs allege was an employee of Wilshire Corporation and not an Assistant Secretary of MERS, and therefore lacked authority to sign the document.

### b) Notice of Default

Plaintiffs also allege that the Notice of Default recorded July 24, 2008 ("7/24/08 NOD") was defective because it was recorded in the name of Wilshire, when there is no evidence Wilshire had any legal interest in the Note or Deed of Trust.

### c) Substitutions of Trustee

Plaintiffs allege that the Substitution of Trustee recorded September 2, 2008 ("9/2/08 SOT") was invalid because it was executed by Wilshire as attorney in fact for Citigroup when there was no recorded power of attorney and no evidence that Citigroup was the beneficiary of the Deed of Trust.  Plaintiffs also allege that the Substitution of Trustee recorded on May 5, 2011 ("5/5/11 SOT") is defective because the signer of the document, Mary Przybyla, was an employee of Dovenmuehle, Defendant has never recorded any power of attorney for Ms. Przybyla in Santa Clara County, and because Defendant had no authority to substitute the trustee because of the "faulty" assignment.

### d) Loan Modification

Finally, Plaintiffs allege that the loan modification recorded on July 16, 2009 is "fatally defective" because the modification erroneously states that the Deed of Trust was assigned to LNV Mortgage rather than LPP Mortgage.

Plaintiffs allege that the irregularities in the foregoing documents recorded against the property raise questions as to the validity of Defendant's lien, place a cloud on the title, and that

there is no way short of a lawsuit to discover the status of the various entities which have asserted a right and/or interest in the Note and Deed of Trust.  Plaintiffs also allege that these documents are "indicative of forgery and fraud," but these are legal conclusions, not factual allegations.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (plaintiff must provide more than labels and conclusions). The 7/24/08 NOD was rescinded on February 11, 2010, so it is not clear that this document (or the 9/2/08 SOT) retains any relevance.

With respect to the assertion that MERS lacked authority to assign the Deed of Trust, this is incorrect.  The Deed of Trust identifies MERS as "Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns.  MERS is the beneficiary under this Security Instrument . . . ."

California courts have consistently upheld the authority of MERS, as nominee beneficiary, to assign deeds of trust, when the deed of trust so provides.  Herrera v. Federal Nat'l Mortgage Ass'n, 205 Cal. App. 4th 1495, 1498 (2012).  Here, the Deed of Trust provides, at page 3:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

Courts have also upheld the authority of MERS to assign a note when the assignment document so provides.  See Fontenot v. Wells Fargo Bank, N.A., 198 Cal. App. 4th 256, 271 (2011).  However, the

9

assignments are not included in the requests for judicial notice provided to the Court in connection with this motion.

Plaintiffs also allege that MCG Mortgage sent the Debtors false monthly statements, purporting to be the servicer of the Note, but it is not clear how this allegation, if true, relates to the alleged defective chain of title.

Nevertheless, the Court finds that at this stage of the proceedings, the allegations that the signers of the various documents lacked authority to do so raises a question sufficient to support Plaintiffs' claim for a determination of the validity of those documents. See <u>Albano v. Cal-Western Reconveyance Corp.</u>, 2012 WL 5389922 (N.D. Cal. 2012) (Westmore) (finding allegations of robo-signing sufficient to support the proposition that there was a fraudulent or illegal foreclosure sale).

2. <u>Wrongful foreclosure</u>. A wrongful foreclosure action requires allegations of a violation of California's non-judicial foreclosure statutes. See <u>Stebley v. Litton Loan Servicing, LLP</u>, 202 Cal. App. 4th 522, 524-25, 134 Cal. Rptr. 3d 604 (2012). The elements of a cause of action to set aside a foreclosure sale are: (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering. <u>Lona v. Citibank, N.A.</u>, 202 Cal. App. 4th 89, 104, 134 Cal. Rptr. 3d 622 (2011). Plaintiffs have adequately pleaded the first and last elements, but not the prejudice element.

a) <u>Illegal, fraudulent, or willfully oppressive sale</u>. Plaintiffs allege that the foreclosure was based on false and invalid documents. Plaintiffs also allege that Defendant is not the true beneficiary under the Deed of Trust and thus lacked the power of sale, and that various entities have colluded to commit theft by false pretext.

Under Cal. Civ. Code § 2924, the party initiating foreclosure is not required to have a beneficial or economic interest to foreclose, and there is no requirement that the entity have physical possession of the note. <u>In re Cedano</u>, 470 B.R. 522, 530 (9th Cir. BAP 2012) (citing <u>Lane v. Vitek Real Estate Indus. Grp.</u>, 713 F. Supp. 2d 1029, 1099 (E.D. Cal. 2010)). Under Cal. Civ. Code § 2924(a)(1), a trustee, mortgagee, or beneficiary, or any of their authorized agents may commence the nonjudicial foreclosure process. <u>Id.</u> However, Plaintiffs' allegations that the signers of the various documents lacked authority to sign satisfies the requirement for alleging this element of a wrongful foreclosure.

b) <u>Tender</u>. Plaintiffs have alleged that they are not required to tender the amount of indebtedness. Plaintiffs allege that it would be inequitable to require tender because Plaintiffs allege that Defendant lacked the legal power to foreclose and that the foreclosure sale is void. In such an instance an offer of tender is not required. <u>See</u> <u>In re Cedano</u>, 470 B.R. 522, 529-30 (9th Cir. BAP 2012). Plaintiffs have adequately alleged this element.

c) <u>Prejudice</u>. Plaintiffs allege that Plaintiffs "will be defrauded" because the debt to the true mortgagee under the note will not be satisfied, and Plaintiffs may have to pay twice. Plaintiffs also allege that the true mortgagee will be defrauded

because it has not been notified of the foreclosure and will not be paid by the parties committing the fraud. Plaintiffs allege further that any future purchaser may have to return the "stolen Subject Property to its rightful owners, which would harm the purchaser and his title insurance company." However, prejudice to third parties is irrelevant to Plaintiffs' claim of wrongful foreclosure.

The prejudice or harm element is met only if a plaintiff alleges that he or she was harmed by a violation of the foreclosure statute. Permito v. Wells Fargo Bank, N.A., 2012 WL 1380322, at *6 (N.D. Cal. 2012) (dismissing wrongful foreclosure claim where plaintiff failed to allege facts showing that the violation of the foreclosure statute – not the foreclosure itself – was the cause of plaintiff's injury). The plaintiff must allege that the foreclosure would have been averted but for the alleged violation(s). See Albano, 2012 WL 5389922, at *6 (N.D. Cal. Nov. 5, 2012) (citing Reynoso v. Paul Fin., LLC, 2009 WL 3833298, at *4 (N.D. Cal. Nov. 16, 2009) and Ghuman v. Wells Fargo Bank, N.A., 2012 WL 2263276, at *5 (E.D. Cal. Jun. 15, 2012)) (dismissing wrongful foreclosure claim for failure to plead prejudice other than alleging that the foreclosing parties lacked authority to foreclose). To plead wrongful foreclosure, a plaintiff must allege that no entity had the right to foreclose, not simply that the wrong entity foreclosed. Permito, 2012 WL 1380322, at *6 (dismissing wrongful foreclosure claim for, among other reasons, plaintiff's failure to allege her own performance under the deed of trust). "An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the

power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." Collins v. Union Fed. Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983) (applying California law).

Debtors do not allege that no entity could have foreclosed or they were not in default on the note, or that the foreclosure sale would not have occurred but for the alleged irregularities in the chain of title. Plaintiffs have thus failed to adequately plead this element. The wrongful foreclosure claim is dismissed with leave to amend.

3. Slander of Title. Under California law, slander of title requires allegations that a person, without a privilege to do so, published a false statement that disparaged title to property and caused the property owner some special pecuniary loss or damage. Sumner Hill Homeowners' Ass'n, Inc. v. Rio Mesa Holdings, LLC, 205 Cal. App. 4th 999, 1030, 141 Cal. Rtpr. 3d 109 (2012) (citing Fearon v. Fodera, 169 Cal. 370, 379-80 (1915)). The elements of the tort are (1) a publication, (2) without privilege or justification, (3) falsity, and (4) direct pecuniary loss. Id. (citing Truck Ins. Exchange v. Bennett, 53 Cal. App.4th 75, 84, 61 Cal. Rptr. 2d 497 (1997)).

Plaintiffs allege that the Assignments, Notices of Default, Substitutions of Trustee and Loan Modifications recorded on the property contained false representations and disparage, without authority, Plaintiffs' title to the property, and that Plaintiffs were forced to retain attorneys to bring this action.

Absent a showing of malice, notices published in connection with non-judicial foreclosure are privileged and cannot form the basis for a slander of title claim. Albano, 2012 WL 5389922, at *8; Kachlon v. Markowitz, 168 Cal. App. 4th 316, 333 (2008). Plaintiffs allege that Defendant's claim to the mortgage was premised on fraudulent assignments, but does not allege that Defendant acted with malice, or that the publication was motivated by hatred or ill will toward the Debtors, or by a showing that Defendant lacked reasonable ground for belief in the truth of the publication. See Ogilvie v. Select Portfolio Servicing, 2012 WL 3010986, at *4 (N.D. Cal. July 23, 2012) (Ryu) (dismissing – for failure to state a claim – slander of title claim that was based on the recording of a corporate assignment and substitution of trustee for failure to plead facts amounting to malice). Further, Plaintiffs allege that their damages consist of attorney's fees incurred to bring this action. However, fees incurred prosecuting a slander of title action are not recoverable. Id. (citing Ryan v. Editions Ltd. W.,Inc., 2007 WL 4577867, at *13 (N.D. Cal. Dec. 27, 2007) (Trumbull).

The Court will therefore dismiss this claim, with leave to amend.

4. Unfair Business Practices Act, Cal Bus. & Prof. Code § 17200. Cal. Bus. & Prof. Code § 17200 defines "unfair competition" as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code." Plaintiffs allege that Defendant initiated and prosecuted the foreclosure in

reliance on a false Substitution of Trustee and Assignment of Deed of Trust and Notice of Trustee's Sale, and that this conduct violated California's non-judicial foreclosure statutes, and caused Plaintiffs to suffer an injury by instituting foreclosure proceedings and causing monetary damages. Because this claim is derivative of Plaintiffs' wrongful foreclosure and slander of title claims, the Court will dismiss this claim as well, but with leave to amend.

\*\*\* END OF TENTATIVE DECISION \*\*\*

**COURT SERVICE LIST**